MATTHEW A. SIROKA CAL SBN 233050
LAW OFFICE OF MATTHEW A. SIROKA
1000 Brannan Street Suite 400
San Francisco, CA 94103
Telephone: (415) 522-1105
Fax: (415) 522-1506

Attorney for Defendant
ROBERT OVETZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT OVETZ,

    Plaintiff,

vs.

CITY OF OAKLAND, a municipal corporation; OAKLAND POLICE DEPARTMENT, a municipal corporation; HOWARD JORDAN in his capacity as CHIEF of POLICE for CITY OF OAKLAND POLICE DEPARTMENT; ERCIVAN MARTIN, OAKLAND POLICE SERGEANT BEAVER, OAKLAND POLICE OFFICER C. O'CONNOR and DOES 1-20, inclusive, individually and in their official capacities as POLICE OFFICERS for the CITY OF OAKLAND,

    Defendants.

Case No.: C 12 6180

**COMPLAINT FOR DAMAGES**
(42 U.S.C. § 1983; pendant state tort claims)

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This case is another outrageous chapter in the sullied history of the City of Oakland and its Police Department. It appears the City, and its Police leadership are unwilling or unable to respect the constitutional rights of its citizenry. Plaintiff Robert Ovetz was unlawfully arrested and beaten on January 28, 2012 by members of the Oakland Police Department. Once again, a Bay Area resident calls upon the power of this Court to protect his rights and to punish those who would deny him his rights in the name of "law enforcement." And while Officer Martin's own video recorder may have been "malfunctioning" at the time, his unlawful use of force against plaintiff

was captured by private citizens on video, which has been widely viewed on the internet site www.youtube.com

## JURISDICTION AND VENUE

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law. The unlawful acts and practices alleged herein occurred in the City of Oakland, County of Alameda, California, which is within this judicial district.

## PARTIES

3. Plaintiff ROBERT OVETZ ("Plaintiff") is a professor of political science researching the history political violence in social movements and a resident of Marin County, California.

4. Defendant CITY OF OAKLAND ("City") is and at all times herein mentioned was a municipal entity duly organized and existing under the laws of the State of California.

5. At all times mentioned herein, HOWARD JORDAN, Chief of the CITY OF OAKLAND POLICE DEPARTMENT ("Chief Jordan"), is sued in his official capacity.

6. Defendant ERCIVAN MARTIN, is being sued in his individual and official capacity as a Police Officer for the City of Oakland.

7. Defendant SERGEANT BEAVER is being sued in his individual and official capacity as a Police Officer for the City of Oakland. Defendant is ignorant of SERGEANT BEAVER's first name, but will amend this complaint to allege his full name when ascertained.

8. Defendant C. O'CONNOR is being sued in his individual and official capacity as a Police Officer for the City of Oakland. Defendant is ignorant of C. O'CONNOR's first name, but will amend this complaint to allege his full name when ascertained.

9. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff

believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

## GENERAL ALLEGATIONS

10. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

11. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

12. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

13. For Plaintiff's State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements. Defendant City of Oakland has rejected Plaintiff's administrative claim against it.

14. As a proximate result of Defendant's conduct, Plaintiff suffered physical and emotional injuries due to being unlawfully detained, arrested, criminally prosecuted and having excessive force used against him. As a further proximate result of Defendants' unlawful conduct, Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States Citizen.

## FACTS

15. On January 28, 2012, Plaintiff arrived in Oakland to observe the "Occupy Oakland" movement "move in day" activities. Plaintiff is an academic researcher and political scientist currently engaged in the study of the history political violence in social movements. He had been

*Robert Ovetz v. City of Oakland, et al.*
COMPLAINT FOR DAMAGES                      3

following the Occupy Oakland movement rather closely and intended to study the events of the day.

16. Plaintiff rode his bicycle over to Frank Ogawa Plaza in the City of Oakland (often referred to as Oscar Grant Plaza)("Plaza") where the march was gathering.

17. Plaintiff dismounted and peacefully walked his bicycle with the crowds for a while.

18. After some time had elapsed, the crowd began to head back towards the Plaza. By this point Plaintiff was close to the YMCA on Broadway, in Oakland.

19. Plaintiff observed people running up on to the sidewalk. As he looked southbound, he saw a line of Oakland Police Officers rushing forward towards his location. Plaintiff looked for a means of egress with his bicycle, and saw another line of police officers rushing towards him from the north. He did not hear an order to disperse, but it was his intention to leave regardless.

20. The crowd of approximately 300-400 people began to rush up onto the sidewalk and onto the steps of the YMCA. At this point there was no way for plaintiff to leave the scene without going through the line of advancing officers.

21. Plaintiff realized he was in imminent threat of arrest or danger of being trampled. He sought a location to lock up his bike. Before he could do so, an officer (Defendant DOE #1) shoved plaintiff into a group of people standing nearby.

22. Plaintiff lost his balance and another officer (Defendant DOE #2) smacked the right side of his head, hitting his nose and knocking his glasses off.

23. By this point, the crowd was panicking as police officers herded them together in close proximity.

24. Plaintiff now searched the ground for his glasses, while holding onto his bike with one hand. The crush of the crowd propelled him forward and jammed him into another man with a bicycle.

25. Plaintiff managed to roll his bike around to his left, turned and found he was in the front row of the crowd facing the police. Plaintiff was now trapped in the crowd and surrounded by Oakland Police. The crush of the crowd was such that the could not effectively move.

26. Someone on Plaintiff's left locked his arm, and he held onto his bike with his right hand.

27. Directly in front of him, 3-4 feet away, were DEFENDANT MARTIN, and a female officer,

1  DOE #3.

2  27. Plaintiff found his glasses on the ground in front of him, and called out to the officers that he wanted pick up the glasses. DEFENDANT DOE #3 gestured and may have spoken with DEFENDANT MARTIN, afterwards she indicated to Plaintiff that he could retrieve his glasses.

28. Plaintiff picked up what turned out to be one half of his glasses; the other half was lodged above his right ear.

29. Plaintiff yelled to the officers that he was not resisting arrest.

30. Either DEFENDANT DOE #4 or DEFENDANT MARTIN yelled at plaintiff to put his hands down and face the police. Plaintiff complied. Plaintiff yelled out that he had complied and asked them to look at this hands, which were by his waist.

31. DEFENDANT MARTIN grabbed plaintiff's bicycle and threw it forcefully; it landed perhaps 10 feet away. Plaintiff again told Martin and DOES 1-10 that he was not resisting.

32. Without warning or explanation, defendant MARTIN AND DOES 1-10 grabbed plaintiff and violently pulled him to the ground behind the line of officers.

33. Defendant MARTIN and DOES 1-10 beat Plaintiff with a baton, striking him at least twice. Plaintiff was unarmed. He had been thrown to the ground, and was not engaged in any resistance to the defendants or any other officer.

34. Defendant MARTIN and DOES 1-10 grabbed plaintiff by the bicycle helmet he was wearing and slammed his head into the ground, causing his chin to strike the concrete and his teeth to clatter.

35. At no point did plaintiff physically or verbally resist his detention and arrest. He complied with all orders he heard.

36. Defendant MARTIN and DOES 1-10 lifted plaintiff's head and slammed it down so that the right side of his head struck the ground. He was forced to remain in that position until he was hand cuffed, lifted to his feet and brought over to the median of the street.

37. The wounds Defendants inflicted on Plaintiff required a visit to Highland Hospital emergency room. He also suffered damage to two of his teeth, which required repair. Plaintiff also suffered a large painful bruise in his right abdominal area as a result of the baton strikes.

38. Plaintiff's bicycle also suffered damage from being thrown by defendants Martin and DOES 1-

10.

39. Defendants arrested Plaintiff for a felony charge of assaulting an officer with a deadly weapon, as well as a misdemeanor charge of battery on an officer, and a misdemeanor charge of failing to leave the scene of a riot.

40. Defendant Sergeant Beaver approved Defendant Martin's arrest.

41. As a consequence of defendants' decision to charge him with felonies, Plaintiff was held in custody for three days before being taken to Alameda County Superior Court where he was released on his own recognizance.

42. The Alameda County District Attorney declined to file felony charges, and instead only charged Plaintiff with a misdemeanor violation of California Penal Code section 148(a), commonly known as resisting arrest.

43. The charge was based upon a declaration of probable cause signed by Defendant Officer O'Connor. The declaration stated: "suspect pushed his bicycle i[n]f[ront]o[f] a mobile field force skirmish line during a protest. Subject then lifted his bike as to throw it at officer, (had recently happened that day to other officer causing harm) ofc [officer] grabbed bicycle mid air and put it in a safe location from protestors. Subject then got in front of officers and began waving his arms and hands in officers faces. Subject ordered to stop. Subject continued. Subject arrested for obstructing and delaying and resisting the officer."

44. Defendant O'Connor knew or should have know that the declaration contained materially false statements.

45. Plaintiff demanded a jury trial on the charge, and on June 22, 2012, the day set for trial, the District Attorney dismissed the charge.

46. Plaintiff also requested an Internal Affairs investigation be undertaken. Plaintiff and his attorney were contacted by Oakland Police Internal Affairs. Plaintiff and his attorney were told there would be a thorough investigation and that he would be informed of the outcome. As of today's date, Plaintiff has still not been informed of the outcome of the investigation, nor does he know if it has been completed.

47. DEFENDANT MARTIN also claimed that his personal data recording device - issued to Oakland

Police Officers for the purpose of documenting arrests and other police activity - was not activated due to a malfunction.

48. In addition, as a proximate result of Defendants' conduct, Plaintiff's name and image were released to the media in connection with his arrest and prosecution. As such he was subject to additional humiliation, fear and anxiety as he wondered about the impact on his academic career. The release of Plaintiff's personal information and image to the media in connection with his arrest was a reasonably foreseeable consequence of Defendants' conduct

49. Defendant police officers' conduct was malicious, wanton, and oppressive. Plaintiff is therefore entitled to and award of punitive damages against said defendants.

## . CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violation of Rights Under the U.S. Constitution - Fourth Amendment (Excessive Force)**

(42 U.S.C. Section 1983)

(As to Defendants MARTIN and DOES 1-10)

50. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. In doing the acts complained of herein, Defendants and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by peace officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

52. Defendant MARTIN and DOES 1-10 used force and violence against plaintiff without legal

*Robert Ovetz v. City of Oakland, et al.*
COMPLAINT FOR DAMAGES                    7

cause of privilege.

53. In doing the acts complained of herein, Defendants acted willfully and maliciously and plaintiff is thereby entitled to punitive damages under 42 U.S.C. section 1983.

## SECOND CAUSE OF ACTION

### (42 U.S.C. section 1983)

### (Against Defendant CITY, CHIEF JORDAN and DOES 11-20)

54. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 53 of this Complaint.

55. Plaintiff is informed and believes and thereon alleges that high ranking CITY OF OAKLAND officials, including Defendant CHIEF JORDAN, DOES 11 through 20, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-10, and/or each of them.

56. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendant CHIEF JORDAN and DOES 11-20, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

57. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-10, and/or each of them, Defendants, DOES 11-20, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiffs' rights as alleged herein.

58. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF OAKLAND officials, including high ranking OAKLAND POLICE DEPARTMENT supervisors, Defendants, CHIEF JORDAN and DOES 11-20, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth

and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

## THIRD CAUSE OF ACTION

(42 U.S.C. section 1983)

**(Against Defendant CITY, CHIEF JORDAN and DOES 11-20)**

59. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 58 of this Complaint.

60. As against Defendant CITY OF OAKLAND, Defendant JORDAN and/or DOES 11-20 in his/their capacity as police officer(s) for the OAKLAND POLICE DEPARTMENT, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the OAKLAND POLICE DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

61. Plaintiff is informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants OAKLAND POLICE DEPARTMENT, JORDAN, DOES 11-20, and each of them, to repeated acts of misconduct, which were tacitly authorized, encouraged or condoned by Defendants the OAKLAND POLICE DEPARTMENT, Defendant JORDAN, DOES 11-20, and each of them.

62. The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY OF OAKLAND, Defendant JORDAN, DOES 11-20, and each of them.

63. Plaintiff is informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant the OAKLAND POLICE DEPARTMENT.

64. Plaintiff is further informed and believes and upon such information and belief allege that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY OF OAKLAND, Defendant JORDAN, DOES 11-20, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants, and DOES 1-10, and/or each of them.

65. The aforementioned customs, policies or practices of Defendant CITY OF OAKLAND, Defendants the OAKLAND POLICE DEPARTMENT, JORDAN, DOES 11-20, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

## FOURTH CAUSE OF ACTION

**(42 U.S.C. § 1985 - Conspiracy to Violate Rights by Means of Excessive Force and False Arrest)**

**(As to Defendants MARTIN, BEAVER, O'CONNOR AND DOES 1-10)**

66. Plaintiffs incorporate the allegations contained in the above paragraphs as though fully set forth herein.

67. DEFENDANTS MARTIN, BEAVER, O'CONNOR AND DOES 1-10 acted under color of law when they struck plaintiff multiple times, and arrested him without probable cause and are therefore liable to plaintiff under 42 U.S.C. §§ 1983, 1985.

68. DEFENDANTS MARTIN, BEAVER, O'CONNOR AND DOES 1-10 acted under color of law when they conspired to use unnecessary force against plaintiff and arrest him without probable cause to believe he had committed a crime.

69. In doing the acts complained of herein, DEFENDANTS MARTIN, BEAVER, O'CONNOR AND DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by peace officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

70. In doing the acts complained of herein, Defendants acted willfully and maliciously and plaintiff is thereby entitled to punitive damages under 42 U.S.C. section 1983.

71. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth above.

## FIFTH CAUSE OF ACTION

### (42 U.S.C. § 1985 - Conspiracy to Violate Rights by False Arrest)

### (As To DEFENDANTS MARTIN, BEAVER, O'CONNOR and DOES 1-10)

72. Plaintiffs incorporate the allegations contained in the above paragraphs as though fully set forth herein.

73. DEFENDANTS MARTIN, BEAVER, O'CONNOR AND DOES 1-10 acted under color of law when they agreed to arrest plaintiff without probable cause, and when they fabricated statements to justify their use of force and to justify the charges against him.

74. DEFENDANTS MARTIN, BEAVER, O'CONNOR AND DOES 1-10, knew their actions were reasonably likely to result in the violation of plaintiff's constitutional rights.

75. DEFENDANTS MARTIN, BEAVER, AND DOES 1-10, arrested plaintiff for felony charges that lacked any factual basis, knowing that by doing so, plaintiff would be held in custody and thereby be deprived of his liberty.

76. In doing the acts complained of herein, DEFENDANTS MARTIN, BEAVER, O'CONNOR AND DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by peace officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution.

77. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth above, including a direct and proximate result of the conduct of defendants, false arrest and prosecution.

78. DEFENDANTS MARTIN, BEAVER, O'CONNOR AND DOES 1-10 acted willfully and maliciously, entitled plaintiff to punitive damages.

## SIXTH CAUSE OF ACTION

**(Common Law Tort of Assault and Battery)**

**(As to DEFENDANTS MARTIN and DOES 1-10)**

79. Plaintiff incorporate the allegations contained in the above paragraphs as though fully set forth herein.

80. Defendant MARTIN and DOES 1-10, placed plaintiff in imminent fear of bodily harm by striking him without any just provocation or legal cause. Defendants struck plaintiff with batons, fists and by slamming his head into the ground, and thereby violated plaintiff's right under California Civil Code section 43 to be free from bodily harm.

81. Defendants' actions were an intentional effort to subject him to harm or the immediate apprehension of harm and were undertaken maliciously with the intent to harass and annoy him.

82. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (False Arrest and Imprisonment)

### (As to DEFENDANTS MARTIN, BEAVER and O'CONNOR and DOES 1-10)

83. Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

84. Defendants MARTIN, BEAVER and O'CONNOR and DOES 1-10, inclusive, falsely imprisoned and arrested Plaintiff without probable cause. Plaintiff had not committed any crime, and there was no basis upon which defendants could have reasonably believed that plaintiff had committed any crime.

85. Defendants MARTIN, BEAVER and O'CONNOR and DOES 1 through 10, inclusive, failed to observe proper procedures in falsely arresting and imprisoning Plaintiff without probable cause. These defendants exceeded the limits of their authority as government agents in falsely imprisoning plaintiff without probable cause and in any force used against said plaintiff to effect the false arrest.

86. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### (Violation of Civil Code Section 51.7)

### (Against Defendants MARTIN, BEAVER, O'CONNOR and DOES 1-10)

87. Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

88. Plaintiff is informed and believes and thereon alleges that the conduct of defendants MARTIN, BEAVER, O'CONNOR and DOES 1-10 were motivated by what defendants' perceived to be plaintiff's political beliefs and affiliation with the Occupy Movement. As such Defendants MARTIN, BEAVER, O'CONNOR and DOES 1-10 violated Plaintiff's right under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his political beliefs or affiliation.

89. Defendants, by their use of violence or threats of violence against plaintiff because of plaintiff's political views, violated plaintiff's right to be free from violence or intimidation by

threats of violence as guaranteed by Civil Code § 51.7.

90. As a direct and proximate result of the conduct of defendants, and each of them, plaintiff has suffered and will continue to suffer humiliation, mental anguish, and fear; moreover, plaintiff suffered false arrest and prosecution as a direct and proximate result of this conduct.

91. Defendants' violation of plaintiff's rights as guaranteed by Civil Code § 51.7 entitles plaintiff to compensatory and punitive damages, a $25,000 civil penalty against each defendant for each violation, attorney fees, and injunctive relief, all of which are provided for in Civil Code § 52 and are requested below.

92. In doing the acts alleged in this complaint, defendants knew or should have known that their actions were likely to injure plaintiff. Plaintiff is informed and believes, and on that basis alleges, that defendants intended to cause injury to plaintiff and acted with a willful and conscious disregard of plaintiff's rights as secured by Civil Code § 51.7, thus entitling plaintiff to recover punitive damages pursuant to Civil Code § 52, subdivision (b)(1).

## NINTH CAUSE OF ACTION

### (Violation of Civil Code Section 52.1)

### (Against Defendants MARTIN, BEAVER, O'CONNOR and DOES 1-10)

93. Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

94. The conduct of Defendants MARTIN, BEAVER, O'CONNOR and DOES 1 through 10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY OF OAKLAND, violated California Civil Code Section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights, through use of unlawful detention, arrest, criminal prosecution and excessive force.

95 By the conduct complained of herein Defendants MARTIN, BEAVER, O'CONNOR and DOES 1 through 10 interfered or attempted to interfere with the exercise or enjoyment of rights secured by the Constitution or laws of the State of California, including but not limited to the following clearly-established rights under the California and United States Constitution and laws of the State of California:

a. The right to be free from injury of property and infringement upon rights pursuant to California Civil Code § 1708;

b. The right to liberty as secured by the California Constitution, Article I, Section 1;

c. The right to be free from any violence or intimidation by violence committed against person or property because of political affiliation by California Civil Code § 51.7;

d. The right of protection from bodily restraint or harm pursuant to California Civil Code § 43;

e. The right to be free from unreasonable search and seizure as guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution;

f. The right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

96. As a direct and proximate result of defendants' violation of Civil Code Section 52.1 Plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

97. This conduct occurred in the course and scope of defendants' employment, Defendant CITY OF OAKLAND is therefore liable to Plaintiff pursuant to respondeat superior.

98. Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

## JURY DEMAND

99. Plaintiff requests a jury trial as to all claims to which he is so entitled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof;

4. For injunctive relief enjoining Defendant CITY OF OAKLAND POLICE DEPARTMENT from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY OF OAKLAND POLICE DEPARTMENT from falsely arresting, using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable

1  attorney's fees;

2  6. A civil penalty of $25,000 for each violation of rights under California

3  Civil Code Section 52.1(b);

4  7. For violation of California Civil Code Section 52(b), punitive damages against Defendant police

5  officers, $25,000.00 for each offense and reasonable attorney's fees;

6  8. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988

7  9. For cost of suit herein incurred; and

8  10. For such other and further relief as the Court deems just and proper.

9  DATED: December 5, 2012                    LAW OFFICE OF MATTHEW A. SIROKA

                                              By: /s/ Matthew A. Siroka
                                              Matthew A. Siroka
                                              Attorney for Plaintiff
                                              ROBERT OVETZ